**Thomas E. RIGSBEE, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 98–623 C.**

United States Court of Federal Claims.

Feb. 29, 2000.

Thomas E. Rigsbee, Woodbridge, VA, pro se.

Katherine M. Kelly, with whom were Assistant Attorney General Frank W. Hunger, David M. Cohen and James M. Kinsella, Washington, DC, for defendant. Lt. Col. Terry L. Elling and Major Michael Meier, Arlington, VA, of counsel.

## OPINION and ORDER

TURNER, Judge.

Plaintiff, a retired Army major, alleges that the Army improperly removed him from a command position at Fort Bragg, that he was denied due process in connection with an Officer Evaluation Report, and that as a result of such unlawful actions he was twice passed over for promotion to lieutenant colonel and forced to take early retirement from the Army. The case stands on defendant's motion filed October 13, 1998 to dismiss the case for nonjusticiability or, in the alternative, for judgment on the administrative record.

Plaintiff retired from the Army on October 31, 1995; he maintains that his retirement was involuntary in that he was given no reasonable alternative to retirement. Plaintiff seeks the following relief: (1) promotion from grade 0–4 (major) to grade 0–5 (lieutenant colonel) retroactive to the date of his retirement; (2) a corresponding adjustment of his retirement pay rate from that for grade 0–4 (major) to that for grade 0–5 (lieutenant colonel) retroactive to the date of retirement, and (3) active duty credit for the period from November 1, 1995 until the date of adjudication of this case.

A threshold issue potentially dispositive of plaintiff's requests for relief is whether his retirement on October 31, 1995 was voluntary or involuntary. We conclude that his retirement, although a choice between undesirable alternatives, was nonetheless voluntary. Consequently, we further conclude that plaintiff's assertions of entitlement to relief do not state claims upon which the court may grant relief and that his complaint must be dismissed.

## I

Plaintiff entered the Army on June 7, 1978. Admin. Rec. at 87. He served in the Army until October 31, 1995 when he accepted an early retirement arrangement that permitted him to receive a retirement pension despite his having served less than 20 years on active duty. *Id.*

On June 17, 1992, plaintiff assumed command of Alpha Company, 2d Battalion, 159th Aviation Regiment at Fort Bragg, North Carolina. Compl. at 1.

On May 3, 1993, plaintiff received orders to assume new duties as an Operations Officer with the Army World War II Division of the Department of Defense World War II Commemoration Committee at the Pentagon in Washington, DC. Compl. at 1; Admin. Rec. at 206.

Plaintiff contends that he was relieved from his position at Fort Bragg without due process because prior written permission from the first general grade officer in the officer's chain of command was not obtained as required by Army Regulation 600–20. Pl. Br. (11/4/98) at 2. However, the Army did not formally relieve plaintiff for cause because that would have been a "career killer." Ad-

min. Rec. at 206. Since plaintiff was not removed for cause, Army Regulation 600–20 setting forth procedures to expressly and formally remove a command officer "for cause" do not apply.

In 1994 and 1995, plaintiff applied for promotion to lieutenant colonel but was not selected. Def.Br. (12/9/98) at 4; Admin. Rec. at 191, 194. On October 31, 1995, plaintiff retired at the rank of major (pay grade 04). Admin. Rec. at 87. Plaintiff accepted an early retirement package that allowed him to retire with a pension after only 17 years and approximately five months of active service. *Id.*

While serving as the Company Commander at Fort Bragg, plaintiff received an Officer Evaluation Report (OER 1)[1] for the period from February 19, 1992 through February 18, 1993. Pl.Br. (11/4/98) at 3. The rater for plaintiff's OER was Lieutenant Colonel (LTC) Patrick A. Thomas, Major Rigsbee's immediate supervisor. Admin. Rec. at 44, 198. The senior rater was Colonel (COL) E.E. Whitehead. *Id.*

LTC Thomas stated in OER 1 that Major Rigsbee "always exceeded requirements" and that he should be promoted "ahead of contemporaries." *Id.* at 45, 199. COL Whitehead stated that plaintiff was a

> talented leader, manager and administrator .... [who is] ... a tough, but caring officer who can plan ahead and make the right decisions. I recommend his selection for promotion at the earliest opportunity based on his demonstrated abilities.

*Id.* Despite plaintiff's positive evaluation, COL Whitehead ranked eight other majors ahead of plaintiff in the evaluation process which placed plaintiff "below center mass" in the distribution pattern of those officers who

were evaluated. Def.Br. (10/13/98) at 4; Pl. Br. (11/4/98) at 5.

A Senior Rater Option OER (OER 2) was initially prepared for the period from February 19, 1993 to May 1, 1993, but was never filed in plaintiff's Official Military Personnel File (OMPF), because the negative nature of the evaluation would have been "devastating" to plaintiff's career. Admin. Rec. at 207; Def.Br. (10/13/98) at 5 n. 4; Pl.Br. (11/4/98) at 10.[2] A "Senior Rater Option" was initiated at the discretion of the raters because normally there must be a minimum of 90 days reviewed in an OER under Army Regulation 623–105, para. 5–2. Def.Br. (10/13/98) at 5 n. 4. Plaintiff contends that this unofficial and unfiled OER was a further effort to discredit him and "destroy any chances for promotion and continued service." Pl.Br. (11/4/98) at 5.

Prior to retirement, plaintiff sought and obtained a review of OER 1 with several separate entities within the Army because he believed that OER 1 had prevented his selection for promotion to lieutenant colonel.[3] Admin. Rec. at 188, 191, 200, 238. Initially, on April 8, 1993, plaintiff sought a Commander's Inquiry[4] which found no "error, injustice or illegalities" in OER 1. *Id.* at 238.

On November 24, 1993, plaintiff filed an appeal with the Officer Special Review Board (OSRB) contending that, among other things, OER 1 was inaccurate, unjust, did not accurately reflect his performance or potential. *Id.* at 189. The OSRB denied plaintiff's appeal concluding that "[t]here [was] not sufficiently convincing evidence that the contested OER [was] inaccurate, unjust, [did] not accurately reflect appellant's performance and potential...." *Id.* at 208. In addition, plaintiff asserted that OER 1 should have been sent to him prior to being sent to Army headquarters because it was adverse. *Id.* at

---

1. Each officer is evaluated at least annually. An OER, among other things, is designed to identify "officers who are best qualified for promotion." Army Regulation 623–105 ¶¶ 1–5(a).

2. Plaintiff asserts that LTC Thomas and COL Whitehead forwarded the Senior Rater Option through command channels to be entered in Plaintiff's OMPF, and that COL Thomas A. Green prevented it from being filed. Pl.Br. (11/4/98) at 10.

3. Plaintiff did not seek a review of OER 2 because it was never entered into his OMPF.

4. A Commander's Inquiry is an investigation by a senior officer for detection of possible injustices or errors by the rater or senior rater preparing the OER. *See* Army Regulation 623–105, ¶ 5–30.

200–01. The OSRB stated that a referral is appropriate under Army Regulation 623–105, para. 4–27h, if in the opinion of the rater, not the plaintiff, the OER is adverse. *Id.* at 204.

On November 15, 1994, plaintiff filed a claim with the Army Board for Correction of Military Records (ABCMR) asserting that he had been removed from his position as company commander "without due process," that he had received a non-competitive OER and that he had been improperly passed over for promotion to lieutenant colonel. *Id.* at 191. Plaintiff requested that OER 1 be removed from his OMPF, that he be reconsidered for promotion and that comments from COL Whitehead, LTC Thomas and the OSRB summary be stricken from his OMPF. *Id.* at 188, 191.

On March 29, 1995, the ABCMR denied plaintiff's application concluding that he had not "shown that [OER 1] contain[ed] any serious administrative deficiencies." *Id.* at 190. Additionally, the ABCMR concluded that plaintiff had failed to show that OER 1 "was not prepared in compliance with applicable regulations and policy." *Id.* Finally, the ABCMR found that since there was no basis for granting plaintiff's requests regarding OER 1, there was "no basis for granting his remaining requests," which included plaintiff's contention that he was improperly removed from his position at Fort Bragg. *Id.* at 190.

On August 27, 1997, plaintiff initiated this litigation in the United States District Court for the District of Columbia. Def.App. at 25–26. The district court transferred the case to this court on May 21, 1998. *Id.* at 27–28. On August 13, 1998, plaintiff filed a new complaint with this court.

## II

Defendant contends that all of plaintiff's claims are nonjusticiable. In support, defendant argues that discretionary personnel decisions of military departments may not be "second-guessed" by civilian courts. *See, e.g., Murphy v. United States,* 993 F.2d 871, 872 (Fed.Cir.1993) (finding that discretionary decision to release an officer from active duty was nonjusticiable); *Sargisson v. United States,* 913 F.2d 918, 921–22 (Fed.Cir.1990)

(stating that discretionary decision whether to release reserve officer from active duty was nonjusticiable).

■ While it is true that we may not substitute our judgment for discretionary military personnel decisions, we may review a plaintiff's challenge to procedural matters followed in rendering a discretionary military decision. *See, e.g., Adkins v. United States,* 68 F.3d 1317, 1323 (Fed.Cir.1995) (concluding that a challenge to the procedure followed in making a military decision regarding a service person may present a justiciable controversy). Should a prejudicial procedural violation be shown or should the decision of a military board otherwise appear to be arbitrary, capricious or not in accord with law, relief to the extent of a remand to a military department for additional consideration is within the power of the court. *See, e.g., Kindred v. United States,* 41 Fed.Cl. 106 (1998); *see* 28 U.S.C. § 1491(a)(2). Thus, to the extent that plaintiff asserts procedural violations, he raises justiciable issues.

## III

Notwithstanding justiciability, plaintiff's fundamental difficulty is that if his retirement was voluntary, all of the claims for relief in this civil action are deemed waived, whereas if it was involuntary, he may prosecute his allegations of procedural defects which, if found, could entitle him at the least to a remand for further consideration.

A voluntary retirement at a particular pay grade constitutes a waiver of all of the relief sought by plaintiff. A claim for active duty credit after date of retirement and a claim of entitlement to promotion (including consequent retroactive increase in retirement pay based on the requested retroactive promotion) are inconsistent with voluntary separation from active duty at one's then-current pay grade.

■ Unquestionably, plaintiff's retirement from the Army was voluntary. Such voluntariness is evidenced by a certificate of release appearing in the administrative record, Admin. Rec. at 87, and a memorandum submitted by plaintiff with his application for

early retirement, Pl.Br. (11/4/98), App. at 107–08.

A "Certificate of Release or Discharge From Active Duty," Admin. Rec. at 87, plainly states in block 28, entitled "Narrative Reason for Separation," the statement: "Voluntary Early Retirement." This form is both signed by and initialed by plaintiff. *Id.*

The administrative record is devoid of any application for discharge submitted by plaintiff, but he has furnished with his brief in opposition to defendant's motion a memorandum by him which recites that it was "attached to my application for early retirement." Pl.Br. (11/4/98), App. at 107. The memorandum states, in paragraph 2(a): "To avoid further financial hardship for my family, I am applying for the early retirement." *Id.* The memorandum also states that the application for early retirement "is not filed voluntarily and is filed under protest," that "if I fail to file an application for an early retirement, I will lose my right to retirement benefits and will be involuntarily discharged," and that the "application for early retirement should in no way be construed as voluntar[y] and is only filed under the threat of losing my entitlement to retirement benefits." *Id.* at 107–08.

It is plain from the discharge certificate and from plaintiff's memorandum accompanying his application for early retirement that, to avoid involuntary discharge for having been twice passed over for promotion and resulting loss of retirement benefits (he had served less than 20 years), plaintiff took the initiative to submit an application for retirement. Clearly, plaintiff was faced with a choice between two undesirable alternatives (career-ending early retirement with pension benefits or involuntary discharge—for having been twice passed over for promotion—without pension benefits) and made a "voluntary" choice of the least undesirable alternative. Plaintiff could have preserved his rights to contest the alleged procedural irregularities affecting his promotion and his related challenge to the ABCMR decision by suffering

involuntary discharge, but he chose not to do so. He made an election.

We can understand that plaintiff felt financial pressure to apply for early retirement even though he believed that unfair and unlawful conduct had resulted in his having been twice passed over for promotion, and we can understand that in his mind such pressure made his choice of early retirement involuntary. But he had a choice to continue to press for promotion and resulting higher pay and active duty credit or to take early retirement with a pension. He voluntarily chose the latter and thereby waived his present claims.

Case law provides that a choice between undesirable alternatives in circumstances such as plaintiff's does not make the choice to retire involuntary. See *Sammt v. United States,* 780 F.2d 31, 33 (Fed.Cir.1985) (as construed in *Bell v. United States,* 23 Cl.Ct. 73, 76 (1991)); *Thomas v. United States,* 42 Fed.Cl. 449, 452 (1998) (stating that "the exercise of an option to retire from the military is not rendered involuntary by the accurate knowledge of eminent imposition of a less desirable alternative").

Plaintiff was free to choose involuntary retirement and pursue the present claims or to voluntarily retire and forgo those claims. Plaintiff cannot have it both ways simply by stating that he was resigning under protest. Plaintiff chose voluntary retirement and the benefits thereof; consequently his current claims are deemed to have been waived. Any other approach could result in the absurdity of a remand of this matter to the ABCMR, an Army promotions board or other board or tribunal with the authority to make discretionary decisions concerning promotion even though plaintiff has voluntarily separated from the service.

Given our finding that plaintiff's retirement was voluntary, this civil action must be dismissed for failure to state a claim upon which relief can be granted.[5]

5. Even if plaintiff had not waived his claims by voluntary separation from service at his then-current grade, we would conclude that defendant is entitled to judgment on the administrative record. However, given his voluntary retirement, there is no occasion for further explication.

 

## IV

Based on the foregoing, it is ORDERED that to the extent defendant's motion filed on October 13, 1998 seeks dismissal of this civil action for failure to state a claim upon which relief may be granted (including plaintiff's claims for retroactive promotion to lieutenant colonel in retired status, corresponding adjustment to his retirement pay and active duty credit from November 1, 1995 to final adjudication of this case), the motion is GRANTED.

Accordingly, it is ORDERED that judgment be entered in favor of defendant. Each party shall bear its own costs.