Thomas E. **RIGSBEE,** Plaintiff–
Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 03–5008.

United States Court of Appeals,
Federal Circuit.

DECIDED: April 10, 2003.

Before LOURIE, RADER, and LINN
Circuit Judges.

RADER, Circuit Judge.

Mr. Rigsbee seeks review of the October 1, 2002, decision of the United States Court of Federal Claims in *Rigsbee v. United States,* No. 98–623 C (Fed.Cl. Oct.1, 2002) (*Rigsbee III*). The Court of Federal Claims granted a motion for judgment by the United States on the administrative record of a decision of the Army Board for Correction of Military Records (Board). Mr. Rigsbee appeals the Court of Federal Claims decision to this court. Because the Court of Federal Claims properly granted the motion for judgment, this court *affirms.*

I.

On October 31, 1995, Mr. Rigsbee retired as an Army officer under circumstances that this court summarizes only briefly here. More detailed facts appear in earlier opinions of this court and the Court of Federal Claims, as cited herein. In 1993, the Army filed in Mr. Rigsbee's Official Military Personnel File an Officer Evaluation Report (OER) that was generally favorable, but placed Mr. Rigsbee "below center mass" in comparison to fellow officers. In May 1993, Mr. Rigsbee was ordered to leave his company command

position at Fort Bragg to assume duties as Operations Officer at the Pentagon. Mr. Rigsbee applied for promotion to lieutenant colonel in 1994 and 1995, and was twice denied. As a result, Mr. Rigsbee had to choose between retirement or discharge. *See* 10 U.S.C. § 632(a) (1994). Mr. Rigsbee retired.

In November 1994, Mr. Rigsbee filed a claim with the Board alleging that the Army removed him as company commander without due process, filed a noncompetitive OER, and improperly denied him promotion to lieutenant colonel. The Board rejected all of Mr. Rigsbee's claims.

On August 13, 1998, Mr. Rigsbee pursued his case at the Court of Federal Claims. On October 13, 1998, the United States filed a motion to dismiss the case for failure to state a claim upon which relief can be granted. The Court of Federal Claims ruled that Mr. Rigsbee waived all his claims because he retired voluntarily, and granted the United States' motion to dismiss the case. *Rigsbee v. United States*, 46 Fed.Cl. 120, 124–25 (2000) (*Rigsbee I*). Mr. Rigsbee appealed that decision to this court. This court vacated, holding that the Court of Federal Claims erred as a matter of law in concluding that Mr. Rigsbee retired voluntarily. Because Mr. Rigsbee had retired under 10 U.S.C. § 632(a), his retirement was involuntary under section 632(b), which clearly states "retirement or discharge of an officer pursuant to this section shall be considered to be an involuntary retirement or discharge for purposes of any other provision of law." *Rigsbee v. United States*, 226 F.3d 1376, 1380–81 (Fed.Cir.2000) (*Rigsbee II*). In *Rigsbee II*, this court remanded the case to the Court of Federal Claims for a decision on the merits based on the administrative record. The Court of Federal Claims granted the United States' motion for judgment on the administrative record

and entered judgment for the United States. *Rigsbee III*.

Mr. Rigsbee timely appealed to this court, which has jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2000).

## II.

This court will only reverse a Board decision if arbitrary, capricious, unsupported by substantial evidence, or contrary to law. *Porter v. United States*, 163 F.3d 1304, 1312 (Fed.Cir.1998). The United States military has unlimited discretion in making personnel decisions, and federal courts cannot review those decisions on the merits; however, federal courts can review "whether the military followed procedures because by their nature the procedures limit the military's discretion." *Murphy v. United States*, 993 F.2d 871, 873 (Fed.Cir. 1993) ("[J]udicial review is only appropriate where the Secretary's discretion is limited.").

In *Rigsbee III* now on appeal before this court, the Court of Federal Claims found that the Board decision contained no procedural errors, was supported by substantial evidence, and was not arbitrary, capricious, or otherwise unlawful.

This court agrees. Mr. Rigsbee alleged that the Army failed to follow procedure in Army Regulation 600–20, ¶ 2–15, when the Army transferred Mr. Rigsbee out of his company commander position. The Board correctly determined that the Army committed no procedural error, because Army Regulation 600–20, ¶ 2–15, only relates to removal for cause, and Mr. Rigsbee was not removed for cause.

■ Mr. Rigsbee alleged that the Army failed to follow procedure in Army Regulation 623–105, ¶ 4–27h, when the OER was filed without first notifying Mr. Rigsbee of its contents. The Board correctly determined that the Army committed no proce-

dural error, because Army Regulation 623–105, ¶ 4–27h, only applies to reports that are highly derogatory, and the OER was not derogatory.

■ Mr. Rigsbee alleged that the OER was prepared improperly and was unjust. The Board correctly determined that the Army prepared the OER "in compliance with applicable regulation and policy." The Board correctly rejected Mr. Rigsbee's argument that a later change in the Army's OER evaluation system is proof that the Army did not comply with regulations in preparing the OER. The Board also correctly rejected Mr. Rigsbee's argument that his OER was "flagrantly mismanaged" because too many of his competitor officers were ranked in the top block of a two-block ranking system (Mr. Rigsbee was ranked in the low block). To support this argument, Mr. Rigsbee cites on appeal *Richey v. United States*, 44 Fed. Cl. 577 (1999), *rev'd*, 322 F.3d 1317, 2003 WL 1025037 (Fed.Cir. Mar.11, 2003). This court agrees with the United States that *Richey* is distinguishable because *Richey* involved an OER with undisputed error while the present case does not.

Finally, the Board correctly denied Mr. Rigsbee's several motions filed after *Rigsbee II* as seeking relief that falls outside the jurisdiction of the Court of Federal Claims or because otherwise inappropriate.

## CONCLUSION

The Court of Federal Claims properly granted judgment on the administrative record for the United States.