NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC L. LOGAN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7140

---

Appeal from the United States Court of Appeals for Veterans Claims in 10-0794, Judge Ronald M. Holdaway.

---

**ON MOTION**

---

Before BRYSON, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss Eric L. Logan's appeal. Logan has not filed a response.

By way of background, while serving on active duty in the United States Marine Corps, Logan underwent sur-

gery for a right inguinal hernia. Since 1983, he has been entitled to service connection for a hernia condition, but at a noncompensable disability rating.

Approximately 20 years after being granted service connection, Logan sought an increased rating to include a compensable disability rating. A Department regional office (RO) rendered an initial agency determination denying that claim, but granted him entitlement to service connection and a 10% disability rating for a surgical scar on his right lower quadrant of his abdomen.

On appeal, the Board of Veterans' Appeals concluded that there was insufficient evidence to warrant a compensable rating and thus sustained the RO's determination on Logan's hernia claim. The Board further noted that Logan had not expressed any disagreement with the 10% evaluation for his surgical scar claim, and as such, that matter was not before the Board.

Logan then sought review by the Court of Appeals for Veterans Claims, which affirmed the Board's determination. Logan's primary contention on appeal was that he should receive an increased rating from 10% to 30% based on the rating criteria. The Veterans Court noted, however, that only the surgical scar claim had been rated as compensable and that claim was not before the court. The court further rejected Logan's general reference to the Board failing to take into account evidence, explaining that Logan failed to provide a record cite for the evidence in question or stated how the evidence related to his hernia claim.

Our review of Veterans Court decisions is limited by statute. *See Yates v. West*, 213 F.3d 1372, 1373-74 (Fed. Cir. 2000). By statute, our jurisdiction over appeals from the Veterans Court is limited to those appeals that challenge the validity of a decision of the Veterans Court with respect to a rule of law or the validity of any statute or

regulation, any interpretation thereof, or that raise any constitutional controversies. *See* 38 U.S.C. § 7292. We do not have jurisdiction to hear appeals challenging determinations or the application of law to the facts of a particular case, unless there is a constitutional issue present. *See* 38 U.S.C. § 7292(d)(2).

Logan seeks review of the Court of Appeals for Veterans Claims' decision. In his informal brief, however, Logan does not raise an argument challenging the validity or interpretation of a specific statute or regulation. Nor does this court have jurisdiction to address how the evidence was weighed in either of his claims, for those challenges deal with issues of fact or application of law to fact, which are outside of this court's limited jurisdiction.

Logan's "constitutional" argument states "[a]s to whether I am Haitian, Black, Caucasian or White since my response is African American with no specificity." Logan appears to use a constitutional "label" without raising an actual constitutional argument within this court's jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

**NOV 1 4 2011**
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**NOV 1 4 2011**

**JAN HORBALY**
**CLERK**

cc:  Eric L. Logan
     Douglas G. Edelschick, Esq.

s19

Issued As A Mandate:  **NOV 1 4 2011**